No. 21106.

MILTON TRUJILLO *v.* THE PEOPLE OF THE STATE OF COLORADO.
(407 P.2d 36)

Decided November 1, 1965

GORDON H. ROWE, JR., for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES W. CREAMER, JR., Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

A criminal complaint was filed before a justice of the peace in Costilla County, in which plaintiff in error was named defendant. It was alleged in the complaint that:
"Milton Trujillo, then and there being a dealer engaged in the purchase of farm products for resale did then and there purchase certain farm products from Morris Grimwood, namely, to-wit: potatoes, and did then and there agree with the said Morris Grimwood to pay for the potatoes the next day, and did then and there wilfully and unlawfully fail to promptly, correctly, fully and properly make settlement for the farm products, potatoes; * * *"
He was found guilty before the justice of the peace, and upon trial de novo on appeal to the county court he was again convicted and sentenced to one year's imprisonment in the county jail. It was provided in the judgment that:
"* * * if the said Milton Trujillo shall make restitution of the amounts due and owing, namely $1800.33 prior to said April 8, 1964, date, then the sentence herein imposed shall be suspended and held for naught. * * *"

The prosecution was based upon C.R.S. '53, 7-5-15, which provides, *inter alia*:

"Any person is guilty of a misdemeanor and is punishable by a fine of not more than five hundred dollars or by imprisonment in the county jail for not more than one year, or by both such fine and imprisonment, who assumes or attempts to act as a commission merchant, dealer, broker or agent without a license, or who:

\* \* \*

"(b) Fails to promptly correctly, fully and properly to make settlement for farm products as herein provided."

As grounds for reversal of the judgment it is argued, *inter alia,* that the statute, in the portion thereof applicable to the instant case, violates Section 12, Article II of the Constitution of the State of Colorado which provides:

"NO IMPRISONMENT FOR DEBT. No person shall be imprisoned for debt, unless upon refusal to deliver up his estate for the benefit of his creditors in such manner as shall be prescribed by law, or in cases of tort or where there is a strong presumption of fraud."

In support of his argument for affirmance of the judgment, the attorney general asserts that "some states have held that constitutional provisions prohibiting imprisonment for debt have no application to criminal statutes." This court can find no justification for following any such rule.

The constitutional provision is clear and unambiguous. It prohibits imprisonment for debt in the absence of evidence bringing the case within specific exceptions. Here, no attempt was made in the charge against the defendant, or, for that matter, in the evidence presented, to establish a case within the exceptions to the prohibition against imprisonment for debt. The pertinent provisions of the statute upon which the prosecution is founded completely ignore the Colorado Constitution — the fundamental law of this state. Hence,

the legislative act, purporting to justify the imprisonment of a person for failure to "pay for farm products delivered to him at the time and in the manner specified in the contract with the producer," is a nullity.

The judgment is reversed and the cause remanded with directions to dismiss the action.